UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JHON JAIRO FRANCO GUILLIN,

                Petitioner,

v.

GEO NORTH LAKE PROCESSING
CENTER et al.,

                Respondents.

_____/

Case No. 1:26-cv-1743

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.13.) In an order entered on June 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 5, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Columbia. (Pet., ECF No. 1, PageID.2.) Petitioner entered the United States in 2024 and has remained in the United States since that time. (*Id.*) On March 26, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*) Petitioner was removed from the United States on June 1, 2026.  (Resp., ECF No. 5, PageID.29.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. After initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody.

Because the relief sought in Petitioner's § 2241 petition relates to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   June 11, 2026                         /s/ Robert J. Jonker
                                                        Robert J. Jonker
                                                        United States District Judge


3